UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

JAMES W. DAVIS,

    Plaintiff,

Case No.  4:11-cv-00107-RH-WCS

vs.

STATE OF FLORIDA,
DEPARTMENT OF JUVENILE JUSTICE,

    Defendant.
_____/

### DEFENDANT'S MOTIONS IN LIMINE TO EXCLUDE TESTIMONY AND INTEGRATED MEMORANDUM IN SUPPORT

Defendant, **STATE OF FLORIDA, DEPARTMENT OF JUVENILE JUSTICE** ("Department" or "Defendant"), files these Motions in Limine to Exclude Testimony and Integrated Memorandum in Support.  Defendant respectfully submits that the matters discussed below should be excluded from evidence at trial, and moreover, should not be mentioned during jury selection or opening statements in the trial of this matter.

### BACKGROUND

This is a claim for employment discrimination brought by a former Department of Juvenile Justice employee, James W. Davis ("Plaintiff").  The only count in Plaintiff's complaint is racial discrimination.  Plaintiff alleges his termination from the DJJ was based on race and therefore in violation of Chapter 760, Florida Statutes, and Title VII of the Civil Rights Act of 1964 (42 U.S.C. §2000e *et seq*.).   Plaintiff alleges only Mary Mills racially discriminated against him. (*Deposition of James Davis, p.173, ln.6-12*)

1

Defendant argues the discharge was for poor work performance—a legitimate and nondiscriminatory reason. Plaintiff failed to address communication and organizational problems and such problems were well documented in four of Plaintiff's performance evaluations, two administrative reviews, a March 24, 2008 Written Reprimand, and other communications between Plaintiff and his supervisor, Ms. Mills.

The only issue for the court in this case is whether the Defendant's proffered legitimate and nondiscriminatory purpose for the Plaintiff's termination is pretext for unlawful discrimination. A number of Plaintiff's witnesses are expected to offer cumulative and irrelevant testimony. In addition, some witnesses lack direct knowledge relevant to the central issues in this case. (*Response in Opposition re Motion for Summary Judgment*, *Pleading Doc.43 p.11*)

## AUTHORITY

**A.     401, 402, and 403 -- Relevancy and Unfair Prejudice**

Rule 402 of the Federal Rules of Evidence provides that "[e]vidence which is not relevant is inadmissible." Fed. R. Evid. 402. Evidence is relevant if it has "any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence. Fed. R. Evid. 401; *U.S. v. Williams*, 816 F.2d 1527, 1531 (11th Cir. 1987).

Rule 403 provides that even relevant evidence is excludable "if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury . . . ." Fed. R. Evid. 403; *U.S. v. Bradberry*, 466 F.3d 1249, 1253 (11th Cir. 2006).

B.  **602 and 701 -- Personal Knowledge and Opinion Testimony**

Rule 602 states, "[a] witness may not testify to a matter unless evidence is introduced sufficient to support a finding that the witness has personal knowledge of the matter." Fed. R. Evid. 602; *U.S. v. Castro*, 89 F.3d 1443, 1454 (11th Cir. 1996).

Rule 701 provides that if "the witness is not testifying as an expert, the witness' testimony in the form of opinions or inferences is limited to those opinions or inferences which are rationally based on the perception of the witness." Fed. R. Evid. 701.

C.  **801 and 802 -- Hearsay**

Rule 801 defines hearsay as "a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted." Fed. R. Evid. 801.  Rule 802 explains, "hearsay is not admissible except as provided by these rules or by other rules prescribed by the Supreme Court pursuant to statutory authority or by Act of Congress." Fed. R. Evid. 802.


**FIRST MOTION IN LIMINE (OPPOSED)**
**(Exclusion of Testimony by John Tallon[1])**

I.  **Introduction**

John Tallon has no knowledge of the central issue in this case.  Therefore, any testimony he has provided or may provide is irrelevant and immaterial.

II.  **Mr. Tallon's testimony on Plaintiff's work performance is irrelevant to the time period in question in this case.**

Any testimony by Mr. Tallon regarding Plaintiff's work performance from 2001 through 2005 is irrelevant and immaterial. (*Deposition of Mr. Tallon p.8 ln.14-20*)  It does not address the time period in question during which Ms. Mills supervised the Plaintiff from August 2007

---

[1] Mr. Tallon was Plaintiff's supervisor when Plaintiff was OMC Chief from 2001 to 2005.

through July 2009.  The opinion testimony concerning Plaintiff's work performance from 2001-2005 is irrelevant as to Plaintiff's work performance from August 2007 to July 2009 and must be excluded pursuant to Rules 401 and 402.

**III.     Mr. Tallon's direct supervision of Plaintiff ended in 2005.  Therefore, Mr. Tallon lacks personal knowledge of the relevant matters in this case.**

In his deposition, Mr. Tallon explains that his direct supervision of Plaintiff ended in 2005.

> Q. …Do you know what the last year was that you supervised Mr. Davis?
>
> A. Directly, probably in -- probably in '05 . . . .

(*Deposition of Mr. Tallon p.5 ln.5-8*)

John Tallon's' testimony must be excluded under Rule 602 because he was not an employee of the Department during the time period Mary Mills supervised the Plaintiff.  Again, the only issue in this case is whether Defendant's proffered legitimate, nondiscriminatory reason for termination was pretext for unlawful discrimination.  Plaintiff alleges Ms. Mills is the only one who racially discriminated against him.  Ms. Mills was Plaintiff's supervisor from August 2007 through July 2009, and during the time period in question Mr. Tallon no longer was Plaintiff's supervisor, as he was no longer employed by the Department.   (*Deposition of James Davis, p.173, l.6-12*; *Deposition of Mr. Tallon p. 4 ln. 9-10)*.

**IV.     Any probative value in Mr. Tallon's testimony is substantially outweighed by the risk of unfair prejudice toward the Defendant.**

In Mr. Tallon's deposition, he mentioned that the Plaintiff was one of his best employees and dedicated to the children and the State of Florida.  (*Deposition of Mr. Tallon p.5 ln.16-18*) He explains that Plaintiff was conscientious, responsive to inquiries, and knowledgeable of his

job and of DJJ"s policies.  (*Deposition of Mr. Tallon p.8 ln.15-25*)  However, this testimony has little probative value and improperly bolsters the Plaintiff's credibility because of the large gap in time between when Mr. Tallon's supervision of Plaintiff ended in 2005 and when Ms. Mills became Plaintiff's supervisor in August 2007.  Mr. Tallon's testimony does not and cannot address the Plaintiff's job performance under Mary Mills, which served as the basis for the Plaintiff's termination.  Therefore, this testimony must be excluded because the witness lacks direct knowledge of any material issue in this case.

Moreover, Mr. Tallon's deposition testimony as to the Plaintiff's work performance greatly and unfairly prejudices the Defendant.  Even with a jury instruction limiting this evidence, jurors could improperly assume that the Plaintiff's work performance was exactly the same under Ms. Mills as it was under Mr. Tallon several years earlier.  Because Plaintiff has presented no evidence that his work performance was the same under Mary Mills as it was under John Tallon, this Court should exclude his testimony from trial.

WHEREFORE, Defendant requests that this Honorable Court enter an order excluding: (1) any and all testimony of John Tallon and (2) any and all testimony of John Tallon regarding Plaintiff's work performance from 2001-2005.

## SECOND MOTION IN LIMINE (OPPOSED)
### (Exclusion of Testimony by Debra Sasser)

**I.     Introduction**

This Court should exclude from consideration in this case testimony by Debra Sasser.[2] Because Ms. Sasser has no personal knowledge of any material facts, her testimony is irrelevant

---

[2] Debra Sasser was an Operations Management Consultant (Commitment Manager) at THE DEPARTMENT and supervised by Plaintiff. (*Deposition of Debra Sasser, p. 6 ln. 11-12*).

and immaterial to the central issue in this case—whether the Plaintiff was terminated because of racial animus.

II.     **Ms. Sasser's Description of Certain Character Traits is Irrelevant.**

When asked in her deposition by counsel for Plaintiff if Plaintiff was "conscientious", "knowledgeable about his job", and "dedicated to his job", Ms. Sasser answered "yes". (*Deposition of Debra Sasser p.21 ln. 17-24*). Such testimony fails to address whether Plaintiff's work performance was sufficient under the criteria used by the Department in evaluating its employees. Mary Mills and Darryl Olson testified in their depositions that the decision to terminate Plaintiff was made in part because of his sub par scores in his performance evaluations. *(Deposition of Mary Mills p.38 ln. 8-11; Deposition of Darryl Olson p.18 ln. 7-11)*. The evaluations contain specific criteria related to the performance of specific job duties. *(Exhibits 6.g and 6.k to Doc. 28 Motion for Summary Judgment)*. Thus, whether these character traits describe the Plaintiff would have no bearing on the Plaintiff's performance evaluations or the decision to terminate his employment. It would be further illogical to assume that, even if Plaintiff was so perceived by some employees within the Department, it makes it more probable that his termination was predicated upon racial animus. Plaintiff has set forth no evidence that Ms. Sasser has personal knowledge of the content of Davis's evaluations or of the standards used to evaluate his performance. Therefore, this Court should exclude this testimony from consideration.

III.    **Ms. Sasser's testimony concerning rule changes and management decisions by Ms. Mills is irrelevant to the central issue of the case.**

Ms. Sasser's testimony regarding rule changes and management decisions by Ms. Mills is irrelevant to the central issue in this case. In her deposition, Ms. Sasser testified that Ms. Mills changed the rules back and forth, "was managing all these things," and "changed everything."

6

(*Deposition of Ms. Sasser p.19 ln.5-20; p.20 ln. 1-7; p.20 ln.14-24; p.22 ln.6-22*).  However, this testimony has no bearing on whether the recommendation to terminate the Plaintiff was based on race.  Nor does it show or explain that the Plaintiff was terminated for anything other than his work performance.  Introduction of such testimony would allow the jury to assume, without adequate supporting evidence, that Ms. Mills changed rules to affect Mr. Davis's work performance or to otherwise harass Mr. Davis because of his race.  Further, Ms. Sasser testified that Ms. Mills instituted the same "rule change" again after Suzanne Chambers, a white female, assumed the OMC Chief position. *(Deposition of Debra Sasser p. 33, ln. 20 – p. 34 ln. 20; p. 10 ln. 17 – 20)*.  Thus, such a rule change is irrelevant and not at all probative of racial animus, and this Court should exclude such testimony from consideration.

**IV.     Ms. Sasser's testimony about the conference call between Plaintiff and Judge Walker is irrelevant hearsay.**

Ms. Sasser's statements regarding her conversation with a public defender in Wakulla County are hearsay because statements made to her in a phone conversation are out of court statements, offered for the truth of the matter asserted.  Ms. Sasser claims in her deposition that someone in the public defender's office discussed with her an earlier conference call that had taken place between the Plaintiff and Judge Walker.  (*Deposition of Ms. Sasser p.36 ln.1-23; p.41 ln. 19-25; p.42 ln.1-4*).  These statements are wholly irrelevant to the Plaintiff's termination because there is no evidence that the events of this conference call ever served as a basis for any adverse employment action against the Plaintiff.  Furthermore, these statements would be inadmissible hearsay if used to show that the Plaintiff's job performance was satisfactory.

**V.     Any probative value of Ms. Sasser's testimony is substantially outweighed by its risk of unfair prejudice to the Defendant and should be excluded under Rule 403.**

Pursuant to Rule 403, Ms. Sasser's testimony regarding Plaintiff's work performance, Ms. Mills' rules changes and managerial adjustments, and the conference call between Plaintiff and Judge Walker must be excluded because the probative value of this evidence is substantially outweighed by the risk of unfair prejudice to the Defendant.

Ms. Sasser's opinion testimony regarding Plaintiff's work performance is cumulative and irrelevant.  Any probative value in this evidence is substantially outweighed by its risk of unfair prejudice to the Defendant because such information may improperly influence the jury in making its decision.

Likewise, the testimony regarding Ms. Mills' rules changes and managerial adjustments has no probative value in this case because it is irrelevant to any material issue.  Allowing testimony regarding Ms. Mills' rules changes and managerial adjustments would sidetrack this case into litigation on the wisdom of these changes, which is irrelevant in proving or disproving whether race discrimination occurred.

Finally, the testimony regarding the conference call between Plaintiff and Judge Walker has little probative value because it has no bearing on the decision to terminate the Plaintiff. Nothing adduced from that telephone conference is relevant to Mary Mills's recommendation to terminate the Plaintiff or then-Assistant Secretary Darryl Olson's or Deputy Secretary Rod Love's review and approval of that recommendation.

WHEREFORE, the Defendant requests that this Honorable Court enter an order excluding:  (1) Ms. Sasser's deposition testimony agreeing that Plaintiff exhibited certain character traits; (2) any and all testimony by Ms. Sasser regarding Ms. Mills' rule changes and managerial adjustments; (3) any and all testimony regarding what Ms. Sasser heard concerning

the conference call between Judge Walker and Plaintiff when she called the public defender's office; and (4) any and all opinion testimony by Ms. Sasser regarding Plaintiff's work performance.

**THIRD MOTION IN LIMINE (UNOPPOSED)**
**(Exclusion of Testimony by Greg Brown)**

**I.      Introduction**

Witness Greg Brown's deposition testimony shows that he has no knowledge of the central issues in this case.  Mr. Brown was merely a Program Monitor for some of the programs with which Plaintiff's staff was involved in placing youth.  His testimony is irrelevant and cumulative and does not go to the central issue of this case, which is whether there was unlawful discrimination.

**II.     Mr. Brown's testimony concerning Plaintiff's work performance is irrelevant and immaterial because the witness was not supervised by the Plaintiff.**

Under Rules 602 and 701, this Court must exclude Greg Brown's[3] opinion testimony stating that Plaintiff was knowledgeable of his job, conscientious, hard working, and dedicated. (*Deposition of Greg Brown p.10 ln.6-15*).  Again, as with Debra Sasser's testimony to the same effect, the evidence in the record shows that the Department does not include these character traits in its performance evaluation standards.    *(Exhibits 6.g and 6.k to Doc. 28 Motion for Summary Judgment)*.   As such, this testimony does not show it to be any more likely that Plaintiff was terminated because of his race and not because of his work performance.  Further, Mr. Brown was never supervised by the Plaintiff.  He therefore lacks direct, personal knowledge of Plaintiff's work performance as a supervisor.

---

[3] Greg Brown started working at the Department in 2003 and was a Program Monitor for some of the programs that Plaintiff was responsible for.

> Q. Did Mr. Davis ever supervise you?
>
> A. No.

(*Deposition of Greg Brown p.6 ln.8-9*)

> Q. Was Mr. Davis a good supervisor?
>
> A. To my knowledge. He didn't supervise me.

(*Deposition of Greg Brown p.10 ln.6-15*)

For the reasons stated above, this Court should therefore exclude any testimony by Mr. Brown at trial.

### III. Any probative value in Mr. Brown's testimony is substantially outweighed by the risk of unfair prejudice to the Defendant.

Mr. Brown's testimony regarding Plaintiff's work performance should also be excluded pursuant to Rule 403. Even if there is some probative value in his testimony that some programs Plaintiff was responsible for were functioning well, adequacy in one aspect of the Plaintiff's job hardly addresses whether Plaintiff performed well in other aspects of his job. This testimony is cumulative, irrelevant, and must be excluded as such.

WHEREFORE, the Defendant requests that this Honorable Court enter an order excluding testimony by Greg Brown regarding Plaintiff's work performance.

## FOURTH MOTION IN LIMINE (OPPOSED)
## (Exclusion of Testimony by Wanda Horgan)

### I. Introduction

Wanda Horgan does not have direct knowledge of any central issue in this case. Her testimony is irrelevant, cumulative, and immaterial.

II. **Ms. Horgan's testimony that Plaintiff's termination came as a "total shock" to her is irrelevant and immaterial in this case.**

Under Rules 401 and 402, any testimony by Wanda Horgan[4] stating that Plaintiff's termination came as a total shock to her is irrelevant to the central issue in this case. (*Deposition of Wanda Horgan p.7 ln.22-25*) In addition, any testimony concerning Ms. Horgan receiving an email regarding Plaintiff's termination and her conversation with Ms. Mills after receiving the email is irrelevant under Rules 401 and 402 and should be accordingly exlcluded by this Court.

III. **Ms. Horgan's testimony that Ms. Mills was keeping her "out of the loop" is speculative and irrelevant.**

Any testimony in which Ms. Horgan speculates that Ms. Mills may have kept her "out of the loop" in the processing of disciplinary actions against the Plaintiff must be excluded. *(Deposition of Wanda Hordan p.8 ln. 14-18.)* There is no evidence to show that Ms. Horgan has personal knowledge of this. Rather, her testimony is based on opinion and inferences. Thus, this testimony must be excluded under Rules 402 and 601.

IV. **Testimony regarding Plaintiff's work performance is irrelevant and immaterial under Rules 602 and 701 because she had no personal knowledge of the adequacy of the Plaintiff's work performance.**

In her deposition, Ms. Horgan was asked by Plaintiff's counsel if Plaintiff was responsive, conscientious, and hardworking. She answered affirmatively as to each character trait. (*Deposition of Wanda Horgan p.17 ln.15-22*). This is opinion testimony meant to improperly bolster the Plaintiff's credibility. Once more, the evidence shows that such character traits are not part of the Department's official performance evaluation criteria, nor were they put at issue in Plaintiff's 2007-08 and 2008-09 performance evaluations or in the decision to terminate the Plaintiff. Furthermore, Ms. Horgan does not have personal knowledge of the

---

[4] Wanda Horgan's Title at the Department was Operations Management Consultant I. She was the Personnel Liaison for Department Region I.

Plaintiff's work performance as a supervisor under Ms. Mills.  *(Deposition of Wanda Horgan p. 20 ln. 20-24)*.  Any of her testimony pertaining to Plaintiff's work performance should be excluded.

**V.     Ms. Horgan's testimony that she was excluded from processing paperwork related to disciplining the Plaintiff is irrelevant.**

Under Rules 401 and 402, Ms. Horgan's testimony stating that she cannot think of any legitimate reason for the Department to keep her out of a situation where an employee in the north region was being disciplined or fired must be excluded.  (*Deposition of Ms. Horgan p.11 ln.1-4*)  This is irrelevant to the core issues of this case and amounts to no more than a grievance by Ms. Horgan that she was not included in the decision making process.  Its use at trial would only serve the wholly irrelevant purpose of including as evidence a general workplace grievance that has no relation to the Defendant's decision to terminate the Plaintiff's employment.

**VI.    Any probative value of Ms. Horgan's testimony is substantially outweighed by the risk of unfair prejudice to the Defendant.**

Assuming Ms. Horgan's testimony has any probative value, it should still be excluded under Rule 403 because its probative value would be substantially outweighed by the risk of unfair prejudice to the Defendant.  It would potentially sway the jury into making unwarranted and unreliable conclusions about Ms. Mills' supervision and the Plaintiff's work performance.

WHEREFORE, the Defendant requests that this Honorable Court enter an order excluding: (1) any and all testimony by Ms. Horgan regarding her feelings after Plaintiff was terminated; (2) any and all testimony by Ms. Horgan stating she felt Ms. Mills was keeping her out of the loop or its equivalent; (3) any and all opinion testimony by Ms. Horgan regarding Plaintiff's work performance or character traits; and (4) any and all testimony by Ms. Horgan

stating that there was no legitimate reason she could think of for Plaintiff's termination or its equivalent.

## FIFTH MOTION IN LIMINE (OPPOSED)
### (Exclusion of Testimony by Suzanne Chambers)

**I.     Introduction**

Ms. Chambers lacks knowledge of the central issue in this case as evidenced by her deposition testimony.

**II.    Ms. Chambers' testimony as to Plaintiff's work performance should be excluded as irrelevant and because she lacks personal knowledge as to his performance.**

Under Rules 602 and 701, Suzanne Chambers'[5] opinion testimony on Plaintiff's work performance should be excluded because it is not rationally based on the perception of the witness.  When asked at her deposition by Plaintiff's counsel, Ms. Chambers stated that Plaintiff was knowledgeable, dedicated, conscientious, and a good supervisor. (*Deposition of Suzanne Chambers p.8 ln.8-25*).  However, Ms. Chambers' conclusion is based on limited information regarding Plaintiff's work performance.  It was the Plaintiff who supervised Ms. Chambers and not the other way around.  Ms. Chambers was therefore almost completely unaware of the Plaintiff's work performance under Ms. Mills, making her opinion testimony largely unfounded.

As with any other testimony attributing broad character traits to the Plaintiff, the evidence shows that these traits were not criteria for the Department's official performance evaluations.  Thus, this Court should exclude as irrelevant such evidence.

**III.   Ms. Chambers' testimony that she was upset that Plaintiff was terminated is irrelevant and immaterial to this case.**

Also, Ms. Chambers explains that she was upset that Plaintiff was let go and that she liked working for the Plaintiff. (*Deposition of Suzanne Chambers p.10 ln.25-p.11 ln.1-11*)  Under

---

[5] Suzanne Chambers was a Commitment Manager and supervised by Plaintiff.

Rules 401 and 402, Ms. Chambers' testimony regarding her being upset when the Plaintiff was fired is irrelevant. It does not go to the core relevant issues of whether Plaintiff was terminated because of racial animus. Likewise, Ms. Chambers' testimony that she was unaware of anything the Plaintiff did to justify termination merely evidences her lack of direct knowledge of the material facts, and is not admissible to prove that the Plaintiff's job performance was satisfactory. (*Deposition of Suzanne Chambers p.8 ln.8-25*). Therefore, this Court should exclude this testimony.

**IV.     Any probative value of Ms. Chambers' testimony is substantially outweighed by the risk of unfair prejudice to the Defendant.**

Finally, under Rule 403, the little probative value of Ms. Chambers' opinion testimony and her feelings about Plaintiff's termination is substantially outweighed by the risk of unfair prejudice to the Defendant and must be excluded pursuant to Rule 403. Such testimony would permit the jury to assume that, because Ms. Chambers was upset that Plaintiff was terminated, the decision made by the Department to terminate the Plaintiff was predicated upon racial animus.

WHEREFORE, the Defendant requests that this Honorable Court enter an order excluding: (1) any and all opinion testimony by Ms. Chambers regarding Plaintiff's work performance; and (2) any and all testimony by Ms. Chambers regarding her feelings about Plaintiff's termination.

Pursuant to Rule 7.1 of the Local Rules of the United States District Court, Northern District of Florida, the undersigned has conferred with counsel for the Plaintiff who does not oppose to the motion in limine with respect to Greg Brown, but opposes all other motions.

Respectfully submitted,

/s/Jeffrey S. Howell
Jeffrey S. Howell
Phipps & Howell
Florida Bar No.: 0793840
201 South Monroe Street
4th Floor
Tallahassee, Florida 32301
Attorney for Defendant
State of Florida
Department of Juvenile Justice

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 19th day of March, 2012, I electronically filed Defendant's Motions in Limine with the Clerk of Court, in the United States District Court for the Northern District of Florida, Tallahassee Division, by using the CM/ECF system which will send a notice of electronic filing to Plaintiff's attorneys Erika E. Goodman, Erika E. Goodman, P.A., 2931 Kerry Forest Parkway, Suite 202, Tallahassee, Florida 32309 and Marie A. Mattox, Marie A. Mattox, P.A., 310 East Bradford Road, Tallahassee, Florida 32303.

/s/Jeffrey S. Howell
Jeffrey S. Howell