UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

JAMES W. DAVIS,

    Plaintiff,                    CASE NO. 4:11-cv-00107-RH-WCS

vs.

DEPARTMENT OF JUVENILE JUSTICE
STATE OF FLORIDA,

    Defendant.
_____/

## PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION IN LIMINE

Plaintiff, JAMES W. DAVIS, through counsel, files this Response in Opposition to Defendant's Motion in Limine as follows:

### I. SUMMARY OF ARGUMENT

The Department is improperly attempting to exclude highly probative evidence regarding Mr. Davis' work performance. The arguments made by the Department herein go to the weight, not the admissibility, of the evidence. Mr. Davis worked for the Department for more than a quarter of a century. After being supervised by Mary Mills for only approximately 18 months, he was fired by Ms. Mills for alleged poor performance. Mr. Davis' performance is at the heart of this case and the individuals who worked with and for Mr. Davis have knowledge directly relevant to pretext. The argument that this evidence is prejudicial to Mr. Davis is without merit. Mr. Davis, not the Department, who would be severely prejudiced if this testimony is excluded.

1

## II.  FACTUAL BACKGROUND

Mr. Davis worked for the Department from 1982 through his termination in July 2009.  During that time he rose to the position of Operations Management Consultant Manger.  He worked for the Department for over twenty-five years with a spotless record, glowing evaluations, and not a single disciplinary action.  It was not until Ms. Mills became his supervisor in 2007 that Mr. Davis received substandard performance evaluations, a written reprimand, and was ultimately fired within approximately eighteen months.  One of the components of Plaintiff's pretext argument is the falsity of the Department's stated reason of poor performance. In support of this argument, Mr. Davis intends to offer testimony from his two most recent supervisors prior to Ms. Mills, several subordinates, and the personnel liaison that worked closely with Mr. Davis, in the same office with him in Pensacola.

## III. ARGUMENT

### A.  RELEVANCE

It is axiomatic that, in order to be admissible, testimony must be relevant.  Rule 402, Fed.R.Evi.  Further, relevant evidence is not admissible "if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury . . . " Rule 403, Fed.R.Evid.

2

Contrary to the Department's assertions, all of the anticipated testimony is highly relevant and there is not a shred of evidence which is unfairly prejudicial, confusing, or misleading. Further, each witness has the requisite personal knowledge and there is no improper opinion testimony that Mr. Davis intends to introduce. Further, Mr. Davis does not intend on introducing any inadmissible hearsay testimony.

### B. SPECIFIC WITNESSES AT ISSUE

**1.   John Tallon**

Mr. Tallon supervised Mr. Davis from 2001 through 2005. His supervision of Mr. Davis preceded Ms. Mills by only two years. Mr. Tallon is expected to unequivocally testify that Mr. Davis was "one of the best employees" he has ever supervised. His testimony regarding Mr. Davis' exceptional work performance during the time that he supervised Mr. Davis most certainly casts doubt on Ms. Mills' assertion that Mr. Davis' performance was substandard. Mr. Tallon gave Mr. Davis outstanding performance appraisals, never disciplined Mr. Davis, highly respected Mr. Davis, and never had any problems with Mr. Davis. Mr. Davis does not intend to inquire of Mr. Tallon about Mr. Davis' work performance subsequent to the time period that he supervised Mr. Davis. However, from his experience and observations of Plaintiff from 2001 through 2005, the jury may determine that Ms. Mills' contention that Plaintiff was a bad supervisor is

3

unworthy of credence, thus establishing pretext. Thus, Mr. Tallon's testimony is directly relevant to a central issue in this case.

**2.      Debra Sasser**

Ms. Sasser was directly supervised by Mr. Davis.  The Department's assertion that Ms. Sasser lacks personal knowledge of "any material facts" is specious, at best.  It is Mr. Davis' supervision of Ms. Sasser that Ms. Mills primarily criticizes.  Ms. Sasser's knowledge of Mr. Davis' responsiveness to issues is directly relevant to Ms. Mills' assertion that Mr. Davis lacked such responsiveness.  Additionally, Ms. Sasser can offer direct evidence to counteract several specific allegations made by Ms. Mills regarding Mr. Davis' poor performance.  Therefore, Ms. Sasser has highly relevant information to offer at trial regarding pretext.

As further evidence of pretext, Ms. Sasser has knowledge of actions taken by Ms. Mills to interfere in Mr. Davis' ability to supervise his subordinates.  Ms. Sasser has direct knowledge of Ms. Mills' changing of the rules, as these changes applied to her job and further has direct knowledge of Ms. Mills' interference in Mr. Davis' management of his staff as she witnesses it first hand as one of Mr. Davis' subordinates.  This interference adversely affected Mr. Davis' ability to do his job and is directly relevant to Plaintiff's "bootstrap" argument relative to pretext.  See Edwards v. Hodel 738 F. Supp. 426 (D.

4

Colo 1990)(excuse that blacks were not promoted because they lacked certain training was found pretextual when it was revealed that blacks had been excluded from that very training.); <u>Stemmons v. Missouri Department of Corrections</u>, 82 F.3d 817 (8th Cir. 1996)(jury verdict of race discrimination upheld where, as part of evidence of pretext, the plaintiff was criticized for the way she was dressed for the interview but was prohibited by her supervisor from leaving her class early to change clothes for the interview and just before the interview, the superintendent of the institution spoke demoralizing words to her, which caused her to be upset during the interview).

Plaintiff has no intention of offering any hearsay testimony regarding Ms. Sasser's conversation with a Wakulla county public defender.

**3.     Greg Brown**

Mr. Davis does not intend to offer any testimony by Mr. Brown regarding his opinion of Plaintiff as a supervisor.

**4.     Wanda Horgan**

Contrary to the Department's assertion, Ms. Horgan has directly relevant knowledge of several issues in this case. Ms. Horgan was the personnel liaison for the North Region and worked in the Pensacola office, the same office as Mr. Davis. She has direct personal knowledge of Mr. Davis' handling of certain personnel matters and his

5

demeanor with his staff, as she had the opportunity to directly observe his interaction with his staff on a daily basis.  Furthermore, Ms. Horgan can offer highly probative testimony regarding pretext with respect to the Department's failure to follow its own procedures in firing Mr. Davis.   Prior to Mr. Davis' termination Ms. Horgan was not consulted or advised with respect to the termination.  This was the first time in her career as personnel liaison that she was not consulted on a disciplinary action regarding an employee in the North Region.  There is nothing speculative about this testimony.  It is a plain and simple fact.  This testimony by Ms. Horgan is relevant to pretext and is thus admissible.

5. **Suzanne Chambers**

Similar to Ms. Sasser, Ms. Chambers was a direct subordinate of Mr. Davis and has direct first hand knowledge of the actions and/or inactions Mr. Davis took with regard to supervising her.  Ms. Chambers can offer direct evidence to counteract several specific allegations made by Ms. Mills regarding Mr. Davis' poor performance.  This testimony is again directly relevant to pretext.

## C.  RULE 403

The evidence Defendant seeks to exclude is highly probative to Plaintiff's proof of pretext. If this evidence is excluded the jury will not be able to accurately assess all of

6

the relevant evidence relative to Mr. Davis' exemplary performance in his more than twenty-five (25) years with the Department, evidence relative to the Department's failure to adhere to its own policies, and Ms. Mills' actions which interfered with Plaintiff's ability to perform his job.  Therefore, Plaintiff will be prejudiced if this evidence is excluded at trial.

For all the reasons stated above as well Defendant's Motion should be denied.

Respectfully submitted,

 /s/ Erika E. Goodman
Erika E. Goodman [FBN 0060951]
ERIKA E. GOODMAN, P.A.
2931 Kerry Forest Parkway, Suite 202
Tallahassee, Florida 32309
(850) 210-1100 (telephone)
(850) 210-1190 (facsimile)
COUNSEL FOR PLAINTIFF

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the foregoing notice has been furnished  by CM/ECF to all counsel of record  this 27th day of March, 2012.

**/s/ Erika E. Goodman**
Erika E. Goodman